(51 Misc. Rep. 607.)

TREANOR v. NEW YORK BREWERIES CO., Limited.

(Supreme Court, Appellate Term.   November 14, 1906.)

DAMAGES—BREACH OF CONTRACT—AMOUNT OF RECOVERY.

Defendant agreed to loan to plaintiff a specified sum to aid him to furnish a place he desired to open as a saloon.   Plaintiff procured a lease, took possession of the premises, and paid $500 for two months' rent.   Defendant refused to make the loan, and plaintiff at the end of

the two months surrendered the premises and secured a release from his landlord. *Held*, that defendant was not chargeable with the amount of the rent paid, in the absence of evidence that the rent paid was in excess of the usable value of the premises.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 93.]

Appeal from City Court of New York.

Action by Owen Treanor against the New York Breweries Company, Limited. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Guggenheimer, Untermyer & Marshall (Abraham Benedict, of counsel), for appellant.

Jacob Newman (Edwin F. Stern, of counsel), for respondent.

DOWLING, J. From testimony which the jury had a right to believe it was shown in this case that the plaintiff, being desirous of embarking in the saloon business, and having ascertained that he could rent a desirable location for the term of 10 years, provided he would expend $7,000 in furnishing the place with certain fixtures, and that the good will could be purchased for the sum of $250, made an agreement with the defendant, through its general manager, one Tighe, who agreed to loan plaintiff said sum of $7,000, taking a mortgage upon the lease and fixtures; the plaintiff agreeing to purchase beer made by the defendant. Thereupon the plaintiff made the lease, paid the $250 to the former lessee for the good will of the business, paid the sum of $500 for two months' rent, and took possession of the premises, which he occupied for that time. In the meantime, after several requests to do so, the defendant's manager refused to make any loan to plaintiff. The plaintiff thereupon secured a release from his landlords upon payment to them of the sum of $500, and brought this action for breach of contract, and recovered a judgment for the sum of $1,250, made up as follows: $500 for the two months' rent paid, $250 for the good will of the business, and $500 paid for the release. The appellant claims (1) that there was no consideration for the contract; (2) that Tighe had no authority to make the contract; (3) that plaintiff can recover only nominal damages; (4) that the judgment is against the weight of evidence, and (5) that the items of damage are not recoverable.

Without a lengthy discussion of the merits of the several objections raised by the appellant, it is sufficient to say that there is sufficient testimony in the case to sustain a judgment against the defendant, but we think that as to the item of $500 paid for the rent for two months the defendant is not properly chargeable therewith. The plaintiff occupied the premises for the two months for which he paid rent. As to whether the usable value of the premises in the condition the plaintiff took them was less, equal to, or more than the amount of rent paid therefor by him, there is no evidence. Presumably, in the absence of evidence to the contrary, the premises were worth the rent paid. It is true it appears that after he had been in the premises for two months he found that, unless the proposed repairs were made, he could not successfully con-

tinue the business. Nevertheless it does not appear that he met with any loss during the two months he remained in occupancy.

Unless the plaintiff will stipulate to reduce the amount of recovery to the sum of $750, the judgment will be reversed, and a new trial ordered, with costs to appellant to abide the event. If such stipulation is made, judgment affirmed, as modified, without costs to either party. All concur.